■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY JOSEPH, Appellant, v. THEODORE SCHUBIN, as Superintendent of Ossining Correctional Facility, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Westchester County, dated September 22, 1972, which dismissed the writ. Judgment affirmed, without costs. The notice of appeal and our order of October 17, 1972 (assigning counsel, etc.) are hereby amended to reflect the correct date of the judgment appealed from, namely, September 22, 1972. On January 13, 1972 relator was conditionally released from a State correctional facility. On July 11, 1972 he was arrested for violation of parole conditions. The delay of nine weeks between that arrest and the preliminary hearing was not fatal, since *Morrissey* v. *Brewer* (408 U. S. 471) was handed down by the Supreme Court of the United States only two weeks before relator's arrest. We note, however, that generally speaking such preliminary hearing must be held " as promptly as convenient after arrest" (*Morrissey* v. *Brewer,* 408 U. S. 471, 485, *supra*). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ ROSA L. SNIPES, Individually and as Administratrix of the Estate of WILLIS SNIPES, Deceased, Appellant, v. EDWARD McQUADE et al., Respondents. — In a negligence action to recover damages for wrongful death and conscious pain and suffering of plaintiff's intestate and for personal and property injuries sustained by plaintiff, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered November 2, 1970, in favor of defendants, upon a jury verdict, after a trial on the issue of liability. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. In our opinion, the trial court committed reversible error in instructing the jury that, if they found that the Snipes automobile was on the roadway and not on the shoulder when the accident happened, their verdict must be for defendants (cf. *Rossman* v. *La Grega,* 28 N Y 2d 300, 308–309). We think a question of fact remained for the jury on the issue of contributory negligence even though they found the Snipes car to have been on the roadway (*Waterfall* v. *Taylor,* 35 A D 2d 619). Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Brennan, JJ., concur.

## (June 13, 1973)

■ GUSTAV KOGEL et al., Respondents, v. GEORGE KOGEL et al., Appellants. — In an action *inter alia* for injunctive relief, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County, dated April 30, 1973, as, on reargument, adhered to the original decision embodied in an order of the same court dated March 27, 1973, *inter alia* granting plaintiffs' motion for a preliminary injunction and granting a trial preference. Order reversed insofar as appealed from, with $20 costs and disbursements, and plaintiffs' motion denied. It is further directed that trial of this action shall proceed on June 25, 1973 and that plaintiffs shall serve the note of issue and pay the requisite fees therefor. Upon the papers in this record it was an improper exercise of discretion to grant a preliminary injunction. We order an immediate trial so that the merits may be resolved. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Benjamin, JJ., concur.